plaint that they all affect all parties to the action. See section 484, Code Civ. Proc. Here several acts are alleged, all of which, taken together, do not purport to create any liability as to all of the defendants. See Arkenburgh v. Wiggins, 13 App. Div. 96, 43 N. Y. Supp. 294, affirmed without opinion in 162 N. Y. 596, 57 N. E. 1103. But this suggestion makes it all the more clear that the order to amend the complaint in the particulars stated was proper. No one of the several causes of action alleged is complete in itself. The complaint should state in each paragraph, setting out a separate cause of action, the official position of the defendants against whom a judgment is asked, and the capacity in which he acted, and all the facts necessary to make that cause of action complete on its own face. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

(68 App. Div. 202.)
## CRANE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—CREDIBILITY OF WITNESSES.
    Where plaintiff and her mother, both of whom had given testimony as to the accident, testified that plaintiff had been healthy before the injury complained of occurred, and after judgment defendant moved for a new trial upon the ground of newly-discovered evidence that this testimony was false, it was improper for the court to grant the motion upon condition that defendant would admit its own negligence and plaintiff's freedom from contributory negligence.

Appeal from special term, Kings county.

Action by Maud L. Crane against the Brooklyn Heights Railroad Company. Appeal by the defendant from a judgment upon a verdict in favor of the plaintiff, and also from an order denying the defendant's motion for a new trial upon the minutes, and appeal by the defendant from an order granting the defendant's motion for a new trial on the ground of newly-discovered evidence upon condition that the defendant file a stipulation admitting its negligence and the plaintiff's freedom from contributory negligence, which order provided for the absolute denial of said motion upon a failure to give such stipulation. First appeal dismissed, and on second appeal modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

I. R. Celand, for appellant.
James C. Cropsey, for respondent.

WILLARD BARTLETT, J. Upon the trial of this action both the plaintiff and her mother were witnesses, and testified to the circumstances of the accident upon the defendant's railroad in which the plaintiff was injured. The plaintiff herself, after describing her sufferings subsequent to the accident, declared that she had been

in good health previous to the injury, and had previously had no similar trouble. The mother testified: "Previous to that accident, my daughter was healthy and well always. She was a healthy girl always. I never had any trouble with her. Never had any sickness; fat, and red cheeks." After the verdict in favor of the plaintiff, the defendant discovered evidence tending to show that these statements as to the previous health of the plaintiff were untrue. This evidence was laid before the learned trial judge in the form of affidavits upon a motion for a new trial on the ground of newly-discovered evidence. Affidavits from the plaintiff and her mother were read in opposition to that motion, and the court finally concluded to grant the application, but only upon condition that the defendant should enter into a stipulation admitting its own negligence and the plaintiff's freedom from contributory negligence, so that upon the new trial no question should remain open for litigation except the amount of damages to which the plaintiff might be entitled.

The papers upon the motion amply support the action of the learned judge in deciding to grant a new trial, but he must have overlooked a feature of the case which, as it seems to us, would render it inequitable to exact the required stipulation from the defendant. The mother and daughter, who are alleged to have misstated the facts in regard to the plaintiff's health prior to the accident, both gave testimony not only relative to that matter, but in reference to the circumstances of the accident itself. As a matter of course, upon the new trial the defendant will ask the jury to discredit the testimony of these witnesses so far as it relates to the plaintiff's previous freedom from illness. Furthermore, it will be not only natural, but perfectly fair, to argue that, if they have indulged in untruth or exaggeration with reference to the plaintiff's physical condition, they may also have indulged in untruth or exaggeration with reference to the facts relied upon to make out negligence on the part of the defendant and the absence of contributory negligence on the part of the plaintiff. It does not seem proper, therefore, to surround the new trial with limitations which shall prevent the defendant from availing itself of such a line of argument, and for this reason we think the prescribed condition should be stricken from the order.

The order granting a new trial on the ground of newly-discovered evidence should therefore be modified by omitting the requirement of a stipulation by the defendant, and, as thus modified, should be affirmed. In view of this disposition of the appeal from that order, the defendant's appeal from the judgment and order denying a motion for a new trial on the minutes should be dismissed.

Appeal from judgment and order denying motion for new trial on minutes dismissed, without costs. Order granting new trial on the ground of newly-discovered evidence modified by omitting the requirement of a stipulation by the defendant, and, as thus modified, affirmed, without costs. All concur.